IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WORLDNET TELECOMMUNICATIONS, INC., <br><br>**Plaintiff,** <br><br> v. <br><br> TELECOMMUNICATIONS REGULATORY BOARD OF PUERTO RICO, *et al.*, <br><br> **Defendants.** | CIVIL NO. 12-1916 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

This matter is before the Court on Co-Defendant Puerto Rico Telephone Company, Inc.'s ("PRTC") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket No. 16. Plaintiff WorldNet Telecommunications, Inc. ("WorldNet") and Co-Defendant Telecommunications Regulatory Board of Puerto Rico (the "Board") timely opposed. Docket Nos. 17, 18. For the reasons stated below, the Court DENIES PRTC's Motion to Dismiss.

BACKGROUND[1]

WorldNet and PRTC are parties to an Interconnection Agreement ("ICA") as mandated by the federal Telecommunications Act of 1996 (the Telecommunications Act"), 47 U.S.C. §§ 251, 252. Docket No. 1. The ICA allows WorldNet to collect liquidated damages from PRTC for

---

[1] For purposes of Defendant's Motion to Dismiss, all facts are taken from Plaintiff's Complaint, Docket No. 1, and are presumed to be true.

certain PRTC violations. *Id.* Section 24 of the ICA's General Terms and Conditions dictates a specific process for the assertion and resolution of liquidated damages disputes. *Id.* This process includes mediation before a Board-appointed mediator before litigation can commence over a liquidated damages claim. *Id.*

On December 23, 2011, WorldNet asked the Board to appoint a mediator to mediate a liquidated damage dispute with PRTC. *Id.* In response to a Board order to show cause, PRTC argued that WorldNet's claim was in fact a normal course billing dispute and not a liquidated damages claim, and thus Section 24 did not apply. On June 28, 2012, the Board agreed with PRTC's position and denied WorldNet's request to appoint a mediator (the "Order"). *Id.* WorldNet moved the Board to reconsider. *Id.* In its reconsideration Order on August 30, 2012 (the "Reconsideration Order"), the Board reasoned that Section 29 of the ICA's General Terms and Conditions, if invoked by PRTC, was the process to be used to dispute a billing error, before a claim for liquidated damages could be mediated under Section 24. *Id.*

WorldNet sued in this Court alleging that the Board's Order and its Reconsideration Order violate Puerto Rico and federal law. *Id.* Specifically, WorldNet alleges that the Orders are 1) contrary to the plain language of Section 24 of the General Terms and Conditions of the ICA, 2) based on arbitrary and capricious findings, and 3) based on the imposition of an unreasonable and anti-competitive ICA term in violation of the Telecommunications Act and Puerto Rico law. *Id.* PRTC moved to dismiss, arguing 1) that the Court lacked subject matter jurisdiction over WorldNet's claims, 2) that WorldNet's complaint does not state a claim under federal law, and

3) that WorldNet has failed to exhaust the remedies required by the ICA before initiating litigation.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. *See, e.g., Alicea-Rivera v. SIMED*, 12 F. Supp. 2d 243, 245 (D.P.R. 1998). Further, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R.2003). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994).

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 1974. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965. At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1988).

## ANALYSIS

There are three issues before the Court. First, the Court must determine if it has subject matter jurisdiction over WorldNet's complaints. Second, the Court must examine whether WorldNet has stated a valid federal claim under Fed. R. Civ. P. 12(b)(6). Third, the Court must determine whether WorldNet has exhausted all the remedies required by the ICA prior to bringing suit in federal court.

The Court holds that this Court does have subject matter jurisdiction over WorldNet's claims pursuant to 47 U.S.C. § 252(e)(6) because WorldNet's claims satisfy the two-part test outlined by the First Circuit for federal jurisdiction under § 252(e)(6). Then the Court holds that, at this stage, WorldNet's complaint should not be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Lastly, the Court holds that WorldNet has exhausted all necessary remedies under the ICA to bring suit in federal court.

I. Subject Matter Jurisdiction

PRTC argues that this Court does not have subject matter jurisdiction over WorldNet's complaint. Docket No. 16. WorldNet asserts that this Court has subject matter jurisdiction over its complaint under 47 U.S.C. § 252(e)(6), and 28 U.S.C. §§ 1331, 1337(a), 1367(a). Docket Nos. 1, 18. The Court holds that it has jurisdiction under 47 U.S.C. § 252(e)(6). Thus, the Court need not consider whether it has jurisdiction under the other statutes.

The Telecommunications Act provides that federal courts shall have jurisdiction to decide whether certain State commission "determinations" concerning an ICA comply with the provisions of the Telecommunications Act. 47 U.S.C. § 252(e)(6). Specifically, § 252(e)(6)

provides that "[i]n any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of § 251 of this title and [§ 252]." 47 U.S.C. § 252(e)(6). It is clear that § 252(e)(6) provides for federal jurisdiction over State commission approvals or rejections of ICAs. *See Puerto Rico Tel. Co. v. Telecommunications Regulatory Bd. of Puerto Rico*, 189 F.3d 1, 9 (1st Cir. 1999) (hereinafter "*Puerto Rico Telephone Company 1999*"). What is less clear is whether this section provides for jurisdiction over interpretations or enforcements of ICAs, such as the Board Orders here. *See id.*

The First Circuit explored this issue in *Puerto Rico Telephone Company 1999*, and seemingly delineated a two-part test. *Id.* at 9-16. Although the court first stated that it would not decide whether § 252(e)(6) confers jurisdiction over State commission determinations enforcing or interpreting an ICA, the court assumed *arguendo* that review under § 252 (e)(6) was not limited to initial acceptances and rejections of ICAs. *Id.* at 10.[2] The Court then stated that § 252(e)(6) jurisdiction 1) "clearly requires at least a substantial nexus between the commission's determination and an [ICA]," *id.*, and 2) "does not confer authority on federal courts to review the actions of state commissions for compliance with state law," *id.* at 13.

---

[2] There is support among other circuits for the proposition that § 252(e)(6) does provide for federal review of interpretations or enforcements of ICAs. *See, e.g., Illinois Bell Tel. Co. v. Worldcom Techs., Inc.*, 179 F.3d 566, 570-71 (7th Cir. 1999), *as amended* (Aug. 19, 1999); *Iowa Utilities Bd. v. F.C.C.*, 120 F.3d 753, 804 n. 24 (8th Cir. 1997) (stating in dicta that "[w]e believe that the enforcement decisions of state commissions would also be subject to federal district court review under subsection 252(e)(6)"), *as amended on reh'g* (Oct. 14, 1997), *aff'd in part, rev'd in part sub nom. AT & T Corp. v. Iowa Utilities Bd.*, 525 U.S. 366, (1999).

Civil No. 12-1916 (JAG)                                                                                          6

WorldNet positions that this two-part test is dicta and should not be applied. Docket No. 18. Instead it positions that § 252(e)(6) confers broad jurisdiction on this Court to review Board interpretations or enforcements of an ICA. *Id.* PRTC, on the other hand, argues that we should treat this test as binding precedent and that WorldNet's complaint does not meet the second prong of this test. The Court will assume *arguendo* that PRTC's more restrictive test applies.

Even applying the two-part test outlined in *Puerto Rico Telephone Company 1999*, this Court has jurisdiction over WorldNet's complaint under § 252(e)(6). PRTC argues that WorldNet's complaint fails to meet the test's second prong because the complaint does not raise an issue of federal law, and instead only alleges that the Board's Orders' interpreting the ICA did not comply with Puerto Rico law. Docket No. 16.[3] The Court disagrees. First, WorldNet's complaint explicitly alleges that the Board's Orders violated federal law. Docket No. 1. WorldNet states that the Board's interpretation of the ICA imposed an unreasonable and anti-competitive ICA term in violation of 47 U.S.C. § 251(c), Docket Nos. 1, 18, which states that an incumbent local exchange carrier, like PRTC, must provide services and network facilities to competitors, like WorldNet, on "rates, terms, and conditions that are just, reasonable, and nondiscriminatory," § 251(c). Second, the ICA is inevitably infused with federal law and it must be interpreted and enforced in accordance with federal law. An ICA is not an ordinary contract, it is a creature

---

[3] PRTC does not contest whether WorldNet's complaint meets the first prong of the test—that there is a "substantial nexus" between the Board's Orders and the ICA. Thus, PRTC has waived this argument. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Accordingly, the first prong for § 252(e)(6) jurisdiction is met.

created by, and heavily dictated by the Telecommunications Act. *See WorldNet Telecommunications, Inc. v. Puerto Rico Tel. Co.*, 497 F.3d 1, 7 (1st Cir. 2007). Thus, any Board interpretation or enforcement of an ICA, such as the Board's Orders here, must comply with the requirements of the Telecommunications Act, and this inevitably presents numerous issues of federal law. *See Puerto Rico Tel. Co. v. Telecommunications Regulatory Bd. of Puerto Rico*, No. CIV. 12-1683 GAG, 2012 WL 4794381, at *3 (D.P.R. Oct. 9, 2012), *motion for reconsideration granted on other grounds*, Civil Case No. 12-1683 Docket No. 38 (D.P.R. July 23, 2013). Therefore, this Court has jurisdiction over WorldNet's complaint under § 252(e)(6).

The First Circuit's decision in *Puerto Rico Telephone Company 1999* is not to the contrary. 189 F.3d 1. In *Puerto Rico Telephone Company 1999*, the Court stated in dicta that §252(e)(6) could not provide jurisdiction over the plaintiff's claims because they only asserted that the Board violated state law provisions. *Id.* at 13-17. However, *Puerto Rico Telephone Company 1999* is inapposite to the current case for two reasons. First, the Board Order being contested in *Puerto Rico Telephone Company 1999* did not involve an ICA. Instead, the Board objected, under Puerto Rico law, to the manner in which the plaintiff imposed certain charges on its customers, "a matter that was not covered by the [ICA] and that affected people who were not parties to the [ICA]." *Puerto Rico Telephone Company 1999*, 189 F.3d at 10. In contrast, WorldNet's complaint contests Board Orders that interpreted specific provisions of an ICA and which only affected the two parties to the ICA. Docket No. 1. Second, although the complaint in *Puerto Rico Telephone Company 1999* vaguely asserted that the Board's decision violated federal law, the complaint did not identify any specific Telecommunications Act provisions that the Board's decision violated. 189 F.3d at 15. In

contrast, WorldNet's complaint alleges violations of specific provisions of the Telecommunications Act, specifically 47 U.S.C. §§ 251, 252. Thus, WorldNet's complaint has a greater connection to the Telecomunications Act than the complaint in *Puerto Rico Telephone Company 1999*. Therefore, unlike in *Puerto Rico Telephone Company 1999*, WorldNet's complaint does not present only issues of state law.

Accordingly, the Court has jurisdiction over WorldNet's complaint under § 252(e)(6).

II.   **Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

Next, PRTC argues that WorldNet's complaint should be dismissed because it fails to state a federal claim. In particular, PRTC argues that WorldNet only asserts a violation of 47 U.S.C. § 252, which PRTC contends only applies to the initial approval of an ICA, and not to a Board interpretation of an already existing ICA, as WorldNet is contesting. Docket No. 16. Thus, PRTC contends that WorldNet's complaint cannot allege a § 252 violation, and accordingly it does not state a federal claim. *Id.* This Court disagrees. First, PRTC provides no support for its contention that § 252 cannot be used to challenge a Board interpretation of an existing ICA. Second, PRTC ignores that in addition to § 252, WorldNet alleges that the Board's ICA interpretation also violated § 251, which states that an incumbent local exchange carrier, like PRTC, must provide services on "rates, terms, and conditions that are just, reasonable, and nondiscriminatory." Docket Nos. 1, 18. Federal Courts have adjudicated whether Board interpretations of ICAs comply with the provisions of § 251. *See, e.g. McLeodUSA Telecommunications*

*Servs., Inc. v. Iowa Utilities Bd.*, 550 F. Supp. 2d 1006, 1017 (S.D. Iowa 2008). Thus, at this stage, the Court finds that WorldNet has stated a plausible federal claim upon which relief can be granted.

### III. Failure to Exhaust Administrative Remedies under the ICA

PRTC also argues that WorldNet's complaint should be dismissed because WorldNet has failed to exhaust the remedies required by the ICA prior to litigation. Docket No. 16. Specifically, PRTC alleges that WorldNet's claims involve a good faith billing dispute, which required PRTC and WorldNet to engage in good faith negotiations prior to litigation. *Id.* This Court disagrees with PRTC's version of WorldNet's complaint. WorldNet is not asking this Court to adjudicate its billing dispute with PRTC. Instead, WorldNet is asking the Court to review Board Orders interpreting the mechanisms and procedures to follow when handling liquidated damages disputes under the ICA. *See* Docket No. 1. Since WorldNet already obtained review and reconsideration from the Board on this issue, WorldNet has exhausted its required remedies before filing suit in this Court. Accordingly, WorldNet's complaint is properly before this Court.

### CONCLUSION

In view of the foregoing, PRTC's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of July, 2016.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge